[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14775
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cv-80668-JMH

ROGERIO RODRIGUES,
MARIO OLARTE,
JESUS CASTILLO,

Plaintiffs-Appellees,

versus

CNP OF SANCTUARY, LLC.,
d.b.a. Positano Restaurant,
PHILIP COSIMANO, JR.,
VINCENZO RUBINO,
CIRO PERELLA,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 12, 2013)

Before CARNES, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

The plaintiffs in this case filed a civil action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to recover unpaid overtime and minimum wage compensation that they were allegedly owed. The parties negotiated a settlement agreement and submitted it to the district court for approval in accordance with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982), which broadly requires district courts to scrutinize proposed FLSA settlements to ensure that they are fair and reasonable. Upon review, the district court declined to approve the proposed settlement agreement based on a number of clauses which it found objectionable, particularly the agreement's broad confidentiality provisions and expansive waivers of various legal claims.

The district court certified its ruling for interlocutory appeal under 28 U.S.C. § 1292(b), which permits certification where an otherwise non-appealable order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The court found "genuine confusion as to the correct legal standard to be applied in evaluating FLSA settlement agreements" and broadly identified the controlling issue of law as whether a district court may approve an FLSA settlement agreement that contains

confidentiality clauses and a general release of claims.  An administrative panel of

this Court, as further required by § 1292(b), granted the defendants' petition to

pursue an interlocutory appeal.

An administrative panel's decision to permit an interlocutory appeal,

however, is subject to revocation by the merits panel designated to decide the case.

McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1253 (11th Cir. 2004).  A merits

panel of this Court may, in its discretion, decline to exercise jurisdiction under §

1292(b), particularly where the controlling question of law is fact-intensive or

involves a matter for the trial court's discretion, or where its resolution will not

serve to substantially reduce the amount of litigation left in the case.  See id. at

1258–59.  And we decline to exercise our discretionary jurisdiction in this case.

The defendants, like the district court, broadly ask us to clarify the standards

that district courts should apply when scrutinizing FLSA settlement agreements for

fairness under Lynn's Food Stores.  The defendants also ask us, in effect, to hold

that a district court may not refuse to approve FLSA settlements as unreasonable

based on non-monetary terms such as confidentiality provisions and general

releases.  District courts, however, are accorded discretion in deciding whether to

approve settlement agreements, see e.g., Faught v. Am. Home Shield Corp., 668

F.3d 1233, 1240 (11th Cir. 2011), and we are not inclined, at least at this time, to

interlocutorily consider cabining that discretion by imposing a categorical rule

regarding such non-monetary provisions, whatever their scope or content.  Indeed, the discretion given to district courts in approving settlement agreements counsels against our exercising interlocutory jurisdiction in this case.  See McFarlin, 381 F.3d at 1258 (noting a distinction between "pure" questions of law, which will satisfy the requirements of § 1292(b), and "a question of fact or matter for the discretion of the trial court") (quotation marks omitted) (emphasis added).

More fundamentally, both parties have expressed a continued willingness to settle regardless of the outcome of this appeal.  That means resolution of the legal questions presented in this appeal will not likely or "materially advance the ultimate termination of the litigation" by substantially reducing the amount of litigation left in the case.  See McFarlin, 381 F.3d at 1259 (quoting 28 U.S.C. § 1292(b)).  We therefore VACATE the administrative panel's prior order granting permission to appeal in this case, DENY the defendants' petition for permission to appeal, DISMISS this appeal, and REMAND to the district court for further proceedings.

4